GILLESPIE, Chief Justice:
The plaintiff, Mary Etta Wolverton, sued Leo Mervis [1] and Celia Mervis, Louisiana residents, alleging that defendants were doing business as a partnership under the name of Housecraft; that an agent of defendants entered upon the property of plaintiff and removed asbestos siding from plaintiff’s house and negligently left a pile of shingles near plaintiff’s back steps; and that plaintiff sustained personal injuries when she stepped on the shingles and fell while returning home after dark. Defendants denied every material allegation of the declaration. The case went to trial and a jury returned a verdict of $2500. Judgment was entered accordingly and defendants appeal.
Defendants assign as error the refusal of the trial court to peremptorily find for the defendants. The question is whether plaintiff offered any proof that the persons who entered on the property of the plaintiff removed the asbestos shingles, and negligently left them at the back steps, were agents of defendants.
*776 The evidence offered in the case consisted solely of the testimony of plaintiff and her husband. We have read and reread their testimony and find no proof whatever that the persons who removed the asbestos siding from plaintiffs house and left a pile of it near her back steps, were agents of Leo Mervis and Celia Mervis, or either of them. There is no proof that Leo Mervis and Celia Mervis did business under the partnership name of Housecraft. Therefore, we reverse the judgment of the trial court and enter judgment here for the defendants.
Reversed and judgment here for defendants.
JONES, BRADY, INZER and SUGG, JTJT., concur.

. Leo Mervis died and the ease was revived in the name of his executors.